I'm going to bring in the next set of lawyers. Here we are. Good afternoon, gentlemen. I'm Judge Dennis with Judge Higginson and Judge Costa. Ready to hear your case and Tony Barker Parker versus with us. Blackwell here first from Mr. Frank Valenzuela. Good afternoon, your honors may it please the court. My name is Frank Valenzuela and I represent appellant Sheriff Willis Blackwell. Sheriff Blackwell appeals the district courts denial of qualified immunity on a pilly Tony Parker's claims against him. Namely due process violations based on Sheriff Blackwell's one alleged improper hiring of defendant McClure and to alleged improper supervision of Mr. McClure Sheriff Blackwell is entitled to qualified immunity on both claims, and the district courts contrary decision should be reversed. My presentation this afternoon is divided into four main parts. The first of the very brief summation of the plant facts remind the court, and as well as the of the matters procedural posture, a very brief overview of the qualified immunity defense. Third, a discussion of supervisory liability under section 1983. And fourth, the application of qualified immunity of the qualified immunity defense excuse me to Mr. Parker's claims against Sheriff Blackwell. First the plot allegations in the procedural posture. This matter arises out of the out of then Mr. Mr Parker's stint as a pretrial detainee in the Shelby County Jail. Mr Parker claims that defendant McClure, not Sheriff Blackwell, but a jailer defendant McClure sexually abused him behind closed doors on several occasions. All of the defendants filed separate motions to dismiss defendant McClure his motion to dismiss was denied and is pending before the district court Shelby County, that was also a defendant prevailed on its motion to dismiss, and Mr Parker did not appeal the county's dismissal. And in this appeal again Sheriff Blackwell appeals and denial of qualified immunity on Mr Parker's claims to qualified immunity government officials are protected from suit and liability. Next point a question on the procedural posture. Yes, what what Fifth Circuit cases Can you point to at the rule 12 stage, granting qualified immunity on a failure to hire claim I know there's a bunch of summary judgment that throw out claims that summary judgment on failure to hire but what rule 12 claims from our court. Do you have. I'm on the, on the, on the failure to supervise there's the blank versus Evanson as the failure to hire decided a number of cases in the briefing. District Court cases I saw I wasn't sure if I saw the circuit ones at the pleading stage. Your Honor, I will, I will take a look at that and see if I can get back to him rebuttal I apologize I don't have any time. Thanks. The qualified immunity, there has to be a pledge of violation of a constitutional right, and that the conduct was objective and reasonable in light of the clearly established law at the time of the incident. Of course qualified immunity represents the norm in court should deny a defendant immunity only in rare circumstances. The question is whether every reasonable official would understand that what was happening was incorrect. The law must put the unconstitutionality of the actions beyond debate. This is a demanding standard, and it has to be judged on the particular circumstances at issue in before the official qualified immunity is overcome, only if all reasonable officers would have realized the conduct was prohibited by the federal law on which the suit is founded. And very importantly, the plaintiff has the burden to properly plead to overcome qualified immunity, and the burden to identify a case in his favor, establishing the violation of a constitutional right. The court in its part in order to define deny qualified immunity has to point to a consent a controlling authority that establishes the violation of the constitutional right. That did not happen here. Sheriff black was entitled to qualified immunity, because Mr Parker did not violate a plea to the violation of a constitutional right, much less a clearly established one. He didn't identify any cases, demonstrating the violation of a clearly established right and the district court in the denying qualified immunity did not identify any such cases. Third supervisor liability. Now, under 1983, a supervisory office. Sorry. The Supreme Court has recognized there is a deliberate indifference to hire and claim it exists. Yes. Here the allegation is the jailer who allegedly committed these criminal acts but had been fired for abusing jailers and then soon after rehired and then did the same thing again. If that doesn't satisfy deliberate indifference to hiring which the same exact activity, abusing prisoners and then abusing prisoners happens again after you hire what, what would be give me an example of a claim that would exist for failure to hire. Sure. Yes, Your Honor, based on the Supreme Court's decision in Brown, and this court's precedents that we cited in the briefing grows Aguilar etc. What would satisfy, is it very, very close nexus between the past history, and what happened here so what Mr Parker So what's closer than he he abused inmates before and he got rehired and did it again, an ally and I like a plan allegation that it was some sort of sexual abuse or sexual assault. That's what the court cases require. So you look at Brown, for example, the Supreme Court's decision in Brown there, the officer had actually be convicted of assault and battery. And the court said that was not sufficient to establish deliberate indifference to the to a claim of excessive force. Just paired questions sort of telling in that it may be when we get the employment record it was sexual abuse so when he pled in the First Amendment complaint paragraph 26 abuse that may be all that he knows but it could could be a really exact match up. Well, but under the Comcast case for the Supreme Court Comcast case from last March, March of 2020. What the claims essential elements remain constant throughout a lawsuit so what he has to show by proof at the end he has to plead in the beginning, and Mr. Parker was advised of the deficiencies of his original complaint in our original motion to dismiss. And then what I guess what's the deficiency because when I read gross hardman Rivera. That's where there's been discovery and then you can say well this was really attenuated or this proof was mitigated somehow. Right here he says he abused me came back and abused again that's a pretty obvious consequence. But, Your Honors, and and and just costed I think this goes to answering your first question as far as any cases at the at the rule 12 stage. We know that he did not plead deliberate indifference because the district judge reached that very conclusion on page 301 of the record. The district judge found that Mr Parker had pled quote sufficient facts to state a claim that Sheriff Blackwell was negligent and rehiring McClure negligent. That's what the district judge said and Mr Parker did not appeal that portion of did not appeal that at all. Well negligence does not reach the exacting deliberate indifference standard. As a matter of law from the Supreme Court on down the former decision and discourse precedence negligence is not sufficient, but that's what the district judge found and Mr Parker has not challenged it. So we know that he didn't meet the deliberate indifference standard and respectfully under the the consequence, the, the, the Mr Parker would be or that an inmate would be sexually assaulted by defendant McClure, what seems different to me about a lot of these cases brown paramount among them, and some of the cases like Rivera which, which I was on. Those are cases where the person has something in their past and the criminal history and the whole issue is you know you should have been on notice from the criminal history. If you hired this person he was going to do something bad in a different position than when he got the criminal years ago. Here, it's not about you should have investigated this incident that happened years ago or in some different job or in some different thing that happened in another state or another county but you yourself had fired him for the same thing that happened when you rehired him. No, Your Honor, but in part because Sheriff Blackwell was not the one who fired him Sheriff Blackwell became the new sheriff. Mr. Defendant McClure had been fired under the prior sheriff and defendant. Sheriff, but he does he alleges that Blackwell knew right there's no dispute, at least at this point. I believe he says he. There was an quote unquote known history of abuse. But beyond that general allegation of a known history of abuse there is no pleading that there was actual knowledge about what was going on, beyond, beyond closed doors. There was, there was no allegation of constructive knowledge of what defendant McClure was allegedly doing behind closed doors. There's no allegation that Mr Parker ever filed a grievance. There's no allegation, essentially what Mr Parker is claiming is allegedly there was no history of abuse, Sheriff Blackwell then came in, hired him again. And was the sheriff while these bad things were happening, all of which happened behind closed doors. So somehow Sheriff Blackwell was supposed to, for example, supervise in a better fashion, what was going on in Mr. McClure's own office behind closed doors. But there's no indication that Sheriff Blackwell was ever told what was going on beyond closed doors and again, I mean the past deployment or the allegations are very specific about how pervasive it was in front of him, the current allegations right it was to multiple inmates, and it was pervasive. Well the multiple inmates and I'm glad you mentioned that judge Higginson the multiple inmates came up on appeal in the briefing and, and Mr Parker cited to two news articles. And that were not cited in his complaint were not included in his complaint to which judge Blackwell objected, and this court indicated that it would take up the objection at the time of the appeal, because those articles constitute hearsay there's news articles, and those came up after the events after after Mr McClure didn't even work or defendant McClure did not work for the county already, so they cannot establish a pattern, because they were, they were about things that happened afterwards. So no, what, what Mr Parker alleges in the complaint is that miss that defendant McClure abused him behind closed doors on multiple occasions on many occasions. And the says and upon information knowledge, other inmates, but there's no, there's no pled allegations that are that are plausible that defendant McClure was doing this out in the open, or that Sheriff Blackwell had any idea. What was pled was that these things happened, and then defendant McClure no longer work for the county. And in fact he was separated from the employment of the county. That's what's pled. So, there's. Yeah, the pleading's depleting simply do not establish the violation of a constitutional right one because as to the hiring in part because the district court. I acknowledged it and it's unchallenged by Mr Parker that keep only pled negligence that doesn't reach deliberate indifference standard. Mr Parker failed to identify and identify any case, showing the violation of a clearly established right as to either of his claims, the district court failed to identify any case, demonstrating the violation of a clearly established right and denying qualified immunity as to on both claims. And the sheriff would respectfully request that this court grant him qualified immunity reverse the district court and enter judgment in Sheriff Blackwell's favor. Thank you. Thank you, sir. Craig. Mr. Yes, yes, I had to unmute myself sorry you're on. My name is David Craig I'm an attorney for Mr Parker. To the arguments that we've just heard I'd like to start with the issue of qualified immunity, because as your honors are no doubt aware there's been recent activity in the Supreme Court, which has not really been dealt with by the arguments that we just heard. In the recent case of Taylor be real house and McCoy versus Alamo, the Supreme Court summarily reversed findings of qualified immunity from the Fifth Circuit, essentially summarily saying that some cases are so obvious that there doesn't have to be a case on point in the circuit or from the Supreme Court, that points out the unconstitutional reality of the actions. In those cases, they involved in the real house case involved a case where a prisoner was put in a cell that was covered in PCs. In the Alamo case, a guard sprayed an inmate with pepper spray for throwing a roll of toilet paper. In both instances the Supreme Court indicated that a finding of granting qualified immunity was inappropriate, even though there was not a clear case on point. I would suggest that this is another example where even in the absence of a exactly parallel case, and we have cited to a number of cases, both in our briefing and below that discuss that sexual abuse in this context violates inmates constitutional rights. But even in the absence of that, this sort of activity would clearly violate the constitutional rights of a pre trial detainee. I'd also point to the on bonk opinion of the Fifth Circuit and Doe versus Taylor, which said that sexual assault in the context of schools has no legitimate purpose. I see no reason to think that this would have any more legitimate purpose here. Sheriff Blackwell's attorney referenced a number of times that the actions here occurred behind closed doors. I'm not sure what the relevance of that is or where that information is coming from. I don't think it's in our pleadings. And in any event, all of the everything that happened here happened within the jail, which is an environment that Sheriff Blackwell has complete control of. He can monitor any area, including offices with doors on. There should be cameras. Knowledge of the previous violations by the Mr. Because this case. I'm sorry. Yeah, but because this case. Procedurally speaking is pre discovery. There are sort of limits on what we can know for certain. And so we have to infer from the facts. What is is likely it's the pleading standard here is not that we show to a dead certainty that We have a claim. We simply have to show that we have a plausible claim that we have something that is more Than sheer possibility and we certainly have that here. It is in is frankly implausible. The chair of Blackwell would not know of the history of McClure being fired for violating the rights of inmates in his care. You know anything more about that history that isn't in the complaint. I guess I'm or is this your best you know your best cases put forward here and and you know there's no reason to allow repleting if it if it turns out we think it's deficient. This is this is largely what we know from the from the documents without just speculating as to what we think is most likely When you remind me which which allegation, would you point to on the supervision claim that shows most particularly deliberate indifference as to supervision. Well, in terms of that basically what we have is just the sheer pervasiveness of the actions. The number of times that Mr. Parker was sexually assaulted. And the number of other people who were also sexually assaulted by Mr. McClure. This isn't a circumstance where you have a Large facility where You know, things could easily go unnoticed. This is a small town, a small jail. That could could easily be monitored. On the hiring claim. It seems like their, their argument for QA seems to have two aspects. One is one is, I guess, sort of a pleading one, which is that The pleading as to what was known about the past related just to abuse. As distinct from it being obvious that the consequence of hiring him would be sexual assaults, suggesting that maybe he was fired for other verbal abuse racial abuse anything And the other. The other point he's making is the district court did seem to err in describing that the allegation had to only show negligence. You have thoughts on both those Well, I'll start with the latter point. I think it's probably is correct that the district court use the wrong word there. I think we've been clear in our pleadings, both below and in this court that we do have to show Deliberate indifference here. As, as to Sheriff Blackwell's knowledge, you know, we Because we're at the pre discovery stage. We don't have a document say that we know Sheriff Blackwell saw that has written on it that why McClure was fired previously. We don't have a record of somebody coming in and saying that they saw him review the past record. That being said, it sort of stretches credulity that Sheriff Blackwell would not have would hire someone who had been employed by the sheriff's department for and not review his Records why he was fired and whether or not he was a good candidate for rehire and if not, why not And so we think it's even on we think the inference can be drawn plausibly that he did see it. But if the, if the question is whether we have sort of smoking gun evidence. They definitely did know about this in advance. I think part of the question may be how close of a match. Does it have to be. He was fired for sexual abuse or just, is it enough that he was hired for mistreating abusing inmates in some manner. And then he gets hired and does the sexual assault. Well, I think that that is is the question, Your Honor. You know, the position that Sheriff Blackwell is taking care seems to be that it does have to be a pretty exact match that it. And so it sort of raises the question, at least for me, whether Sheriff Blackwell could hire McClure back again a second time now, even under the allegations that have been raised. Surely would be risky, but their position would seem to be that as long as McClure didn't do the exact same thing he's been accused of doing here. Sheriff Blackwell would have no liability. It wouldn't be. It would not be deliberate indifference for Sheriff Blackwell to rehire McClure at this stage, as long as he didn't do the exact same thing. So, for instance, if McClure went out and beat up an inmate for no reason whatsoever, Sheriff Blackwell's position would seem to be he would have no liability for that because that wouldn't be deliberate indifference because that's not what McClure did before. Seems to me that can't be the standard and none of the cases that have been cited here really stand for that. As your Honor pointed out, most of the cases that have dealt with what amounts to deliberate indifference in the context of hiring have mostly dealt with things that happen outside of the person's professional capacity. Often things that happened far in the past, things that were alleged that the person wasn't convicted for, there were no findings. I think here where you're dealing with pre-trial detainees, where the Supreme Court and the Fifth Circuit have commented, it's a situation where people are at their most vulnerable because they're secluded from public view. It's not a situation where you have the public monitoring the situation. If there's going to be any monitoring, it has to be Sheriff Blackwell who's doing it. And so there's an extra amount of care that is required to ensure that proper people are taking care of the pre-trial detainees. And it's a situation where it has to be the case where if you have a jailer who has violated the constitutional rights of inmates, they cannot be rehired. And if you rehire someone who's known to have violated constitutional rights, you're essentially assuming the risk that they're going to do something again. It seems to me that it is somewhat analogous as well to something that comes up in other areas of law. For instance, where you have someone claiming that they shouldn't be guilty of murdering someone because they murdered that other person while they were trying to murder somebody else. That essentially seems to be what Sheriff Blackwell is saying here, is that he doesn't really deny that he knew that McClure had violated the rights of detainees. He's just saying, well, I may have been deliberately indifferent to the fact that he was going to violate these rights again. I just didn't know he was going to violate it in this specific way. And so there's an infinite number of sort of distinctions that could potentially be made if the rule is, you know, they have to be on notice of not only constitutional violations in the performance of their duties, but notice of the specific violations in the specific way that it ended up happening later on. And it seems to me that just cannot be the law. I think if your Honours don't have any more questions, that's all I have. Thank you, sir. May I proceed? Yes, thank you, Judge. First off, as to the, that the abuse allegations happened behind closed doors, those comes from Plaintiff's First Amendment complaint, Record Page 111, Paragraphs 14 through 20. They mentioned that the abuse happened in closed rooms behind closed doors in his office. So that's where that portion of the argument, of my argument came in. As far as Mr. Parker's new argument as to qualified immunity being obvious in this instance, it certainly is not. But more fundamentally, that's a new argument. He has not raised that argument until this afternoon. So it is an improper argument to make here. And I think a review of the qualified immunity case law readily shows that those instances where you have an obvious instance where something is so flagrantly bad that you don't need to find a case on the clearly established prong or few and far between. And certainly the one that made it to the Supreme Court as to the jail facilities fits. Our case does not. Again, the argument as to whether Mr. Defendant McClure abused other people, and whether a sheriff had to know, again, speculation is not the pleading standard. It has to be facially plausible. What if the injury here was physical abuse, excessive force, not sexual assault? If the injury here was excessive force, he was beating the crap out of these inmates. Would it be enough to allege that he'd been fired before for abuse? No, and I'm glad you mentioned that because that was going to be my next point. Mr. Parker's counsel complains as to the exactitude required. The exactitude required is not my standard. It's a Supreme Court standard, and it's this court standard. And gross. This court said that plaintiffs must show that the hired officer was highly likely to inflict the particular type of injury suffered by them. There must be a strong connection between the background of a particular applicant and the specific violation alleged. Not my standard. The Fifth Circuit standard and the Supreme Court standard. Can you point then to a case because gross wasn't, I don't believe it involved prior misconduct in the same capacity. What cases say even when someone had the same issue in the same type of job, the same general issue in the same type of job, it's not deliberate indifference. Well, gross did. Gross did have to do with a traffic stop where he was previously had been overbearing, threatening, drew his weapon. And this court said that there was no deliberate indifference because there was not a sufficient connection with sexually, physically and verbally abusing plaintiffs. In Brown, the Supreme Court said that even a prior conviction for assault and battery. There was no deliberate indifference in a later use of excessive force. That's in the same qualifier. I would point this court to the Aguilar case, the Rivera case, the Hardiman case. They all stand for the same proposition. And again, I would point to the fact that opposing counsel admitted that the district court said he pled negligence, not deliberate indifference. And he didn't dispute the deliberate. In fact, he admitted deliberate indifference with the standard. And Mr. Parker did not challenge that finding of the district court. So it stands as a matter of law should be reversed. But beyond that, Mr. Parker said it stretches credulity that Sheriff Blackwell wouldn't have known. Well, stretching credulity is a negligent standard. It's not a deliberate indifference standard. Even if he should have known the case law from farmer, the Supreme Court decision, the farmer on down says it may not be commendable, but it's not deliberate indifference. It's a that's a negligence, maybe grossly gross negligence. And just to be clear, Sheriff Blackwell is not making any allegations or admissions of wrongdoing here, just to be absolutely clear. So just just to make that point clear, as far as motions to dismiss versus motions of summary judgment, obviously, there is a different dynamic and how both of those work. But there is no prohibition on motions to dismiss with qualified immunity with constitutional claims. And though they may be the cases that we have cited. I have not located one where that came up to this court on a motion to dismiss motions to dismiss certainly are not prohibited in this context. And finally, well, we would respectfully request this court to reverse the district courts denial of qualified immunity and Grand Sheriff Blackwell qualified immunity. Thank you very much. Thank you, gentlemen. Now, this case will be submitted. You want to take the last.